**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TRAVCO INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| ROBERT CRIMO, JR., ROBERT CRIMO, III, KELLY | ) |
| ROBERTS, individually and as parent and next | ) |
| friend of C.R. and L.R., JASON ROBERTS, | ) |
| individually and as parent and next friend of C.R. | ) |
| and L.R., LAUREN BENNETT, individually and as a | ) |
| parent and next friend of T.B. and W.B., MICHAEL | ) |
| BENNETT, individually and as parent and next | ) |
| friend of W.B. and T.B., TERRIE BENNETT, | ) |
| JEFFREY BENNETT, DEBORAH SAMUELS, ELLIOT | ) |
| SAMUELS, BRUCE SUNDHEIM, as Special | ) |
| Administrator of the Estate of JACQUELINE | ) |
| SUNDHEIM, deceased, PETER STRAUS AND | ) |
| JONATHAN STRAUS, as Co-Administrators of the | ) |
| Estate of STEPHEN STRAUS, deceased, LORENA | ) |
| REBOLLAR SEDANO, MIRNA RODRIGUEZ, | ) |
| individually and as parent and next-friend of J.S., | ) |
| K.S., and O.S., OSCAR SANCHEZ, individually and a | ) |
| parent and next-friend of J.S., K.S., and O.S., | ) |
| AMELIA TENORIO, individually and as parent and | ) |
| next-friend of C.M., ANTONIO MELGAR, | ) |
| individually and as parent and next-friend of C.M, | ) |
| SYLVIA VERGARA, LIZET MONTEZ, GABRIELLA | ) |
| VERGARA, RICARDO TOLEDO, individually and a | ) |
| Special Administrator of the Estate of NICOLAS | ) |
| TOLEDO, deceased, PETRA TOLEDO, JOSEFINA | ) |
| TOLEDO, ALEJO TOLEDO, MICHAEL ZEIFERT, | ) |
| individually and as parent and next-friend of | ) |
| B.R.Z., B.M.Z., K.Z., and L.Z., CHRISTINE ZEIFERT, | ) |
| individually and as parent and next-friend of | ) |
| B.R.Z., B.M.Z., K.Z., and L.Z., ELIZABETH | ) |
| TURNIPSEED, and JOSHUA CHUPACK, | ) |
| individually and as next friend of I.C., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**TRAVCO INSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Travco Insurance Company ("Travco"), through its attorneys, for its Complaint for Declaratory Judgment against Robert Crimo, Jr. ("Crimo, Jr.), Robert Crimo, III ("Crimo, III"), Kelly Roberts, individually and as parent and next friend of C.R. and L.R., Jason Roberts, individually and as parent and next friend of C.R. and L.R. ("Roberts Plaintiffs"), Lauren Bennett, individually and as a parent and next friend of T.B. and W.B., Michael Bennett, individually and as parent and next friend of W.B. and T.B., Terrie Bennett, Jeffrey Bennett, Deborah Samuels, Elliot Samuels ("Bennett Plaintiffs"), Bruce Sundheim, as special administrator of the estate of Jacqueline Sundheim, deceased ("Sundheim"), Peter Straus, co-administrator of the estate of Stephen Straus, deceased, Jonathan Straus, co-administrator of the estate of Stephen Straus, deceased ("Straus Plaintiffs"), Lorena Rebollar Sedano ("Sedano"), Mirna Rodriguez, individually and as parent and next-friend of J.S., K.S., and O.S., Oscar Sanchez, individually and a parent and next-friend of J.S., K.S., and O.S. ("Rodriguez Plaintiffs"), Amelia Tenorio, individually and as parent and next-friend of C.M., Antonio Melgar, individually and as parent and next-friend of C.M. ("Tenorio Plaintiffs"), Sylvia Vergara, Lizet Montez, Gabriella Vergara ("Vergara Plaintiffs"), Ricardo Toledo, individually and a special administrator of the estate of Nicolas Toledo, deceased, Petra Toledo, Josefina Toledo, Alejo Toledo ("Toledo Plaintiffs"), Michael Zeifert, individually and as parent and next-friend of B.R.Z., B.M.Z., K.Z., and L.Z., Christine Zeifert, individually and as parent and next-friend of B.R.Z., B.M.Z., K.Z., and L.Z. ("Zeifert Plaintiffs"), Elizabeth Turnipseed ("Turnipseed"), and Joshua Chupack, individually and as next friend of I.C. ("Chupack"), states as follows:

## NATURE OF ACTION AND RELIEF SOUGHT

1.      Travco seeks a declaration in accordance with 28 U.S.C. § 2201 determining to

the extent to which insurance coverage exists, if at all, for Defendants Crimo, Jr. and Crimo,

III, under a policy of homeowners' insurance that Travco issued to Crimo Jr., for numerous

underlying lawsuits arising from a July 4, 2022 mass shooting event that occurred in

Highland Park, Illinois (the "Shooting").

## PARTIES

2.      Travco is an insurance carrier incorporated in the State of Connecticut with its

principal place of business in the State of Connecticut.

3.      Crimo, Jr., Crimo, III, Kelly Roberts, Jason Roberts, Lauren Bennett, Michael

Bennett, Terrie Bennett, Jeffrey Bennett, Deborah Samuels, Elliott Samuels, Lorena Rebollar

Sedano, Mirna Rodriguez, Oscar Sanchez, Amelia Tenorio, Antonio Melgar, Sylvia Vergara,

Lizet Montez, Gabriella Vergara, Ricardo Toledo, Josefina Toledo, Alejo Toledo, Michael

Zeifert, Cristine Zeifert, Elizabeth Turnipseed, and Joshua Chupack are citizens of the State

of Illinois.[1]

4.      Jacqueline Sundheim, deceased, was a citizen of the State of Illinois at the time

of the Shooting.  Pursuant to 28 U.S.C. § 1332 (c)(2), Bruce Sundheim, as legal representative

of the Estate of Jacqueline Sundheim, is deemed to be a citizen of the State of Illinois.

5.      Stephen Straus, deceased, was a citizen of the State of Illinois at the time of the

Shooting.  Pursuant to 28 U.S.C. § 1332 (c)(2), Peter Straus and Jonathan Straus, as legal

---

[1] The citizenship of the plaintiff minor children, C.R., L.R., T.B., W.B., J.S., K.S., O.S., C.M., B.R.Z., B.M.Z., K.Z., L.Z., and I.C., is determined by the citizenship of their parents, and therefore they are also citizens of the State of Illinois.

representatives of the Estate of Stephen Straus, are deemed to be citizens of the State of Illinois.

6.     Nicolas Toledo, deceased, was a citizen of the United Mexican States at the time of the Shooting.  Pursuant to 28 U.S.C. § 1332 (c)(2), Ricardo Toledo, in his capacity as legal representative of the Estate of Nicolas Toledo, is deemed to be a citizen of the United Mexican States.

7.     Petra Toledo is a citizen of the United Mexican States.[2]

### JURISDICTION AND VENUE

8.     Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties and the amount in controversy exceeds $75,000.  Specifically, Travco understands that the Underlying Plaintiffs will seek damages in excess of the $300,000 limits of the Travco Policy from Crimo, Jr. and/or Crimo, III in the Underlying Cases (identified below).  Further, this Court has jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201 insofar as Travco seeks a declaration of rights and obligations under an insurance policy.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a).  All Defendants are subject to personal jurisdiction in this District, and a substantial part of the acts giving rise to this dispute occurred within this District.

---

[2] The Roberts Plaintiffs, Bennett Plaintiffs, Sundheim, Straus Plaintiffs, Sedano, Rodriguez Plaintiffs, Tenorio Plaintiffs, Vergara Plaintiffs, Toledo Plaintiffs, Zeifert Plaintiffs, Turnipseed, and Chupack will hereinafter be collectively referred to where appropriate as the "Underlying Plaintiffs."  The lawsuits filed by the Underlying Plaintiffs, identified below, will herein after be collectively referred to where appropriate as the "Underlying Cases" and/or as the "Underlying Complaints", the "Everytown Law Complaints" and/or the "Brady Center Complaints", as applicable.

**COMMON ALLEGATIONS**

10.     Travco Insurance Company ("Travco") issued a policy of insurance to its named insured Crimo Jr. bearing policy number 607044640 633 1 for the policy period of June 24, 2022 to June 24, 2023 (the "Travco Policy"). The Travco Policy is a Homeowners Policy that provides, among other types of coverage, third-party liability coverage. A certified copy of the Travco Policy is attached hereto as **Exhibit 1** and is hereby made a part of this pleading under Fed. R. Civ. Pro. 10(c).

**The Underlying Cases**

11.     On or about September 27, 2022, Roberts Plaintiffs filed a lawsuit arising from the Shooting in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois entitled *Kelly Roberts, individually and as parent and next friend of C.R. and L.R., and Jason Roberts, individually and a parent and next friend of C.R. and L.R. v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Roberts* lawsuit"), a copy of which is attached hereto as **Exhibit 2**, and which is hereinafter referred to the "Roberts Complaint." On or about November 7, 2022, the *Roberts* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6169.

12.     On or about September 27, 2022, Bennett Plaintiffs filed a lawsuit arising from the Shooting in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois entitled *Lauren Bennett, individually and as parent and next friend of T.B. and W.B., Michael Bennett, individually and as parent and next friend of W.B. and T.B., Terrie Bennett, Jeffrey Bennett,*

*Deborah Samuels, and Elliott Samuels v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Bennett* lawsuit"), a copy of which is attached hereto as **Exhibit 3**, and which is hereinafter referred to the "Bennett Complaint." On or about November 7, 2022, the *Bennett* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6171.

13. On or about September 27, 2022, Sundheim Plaintiff filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Bruce Sundheim, as Special Administrator of the Estate of Jacqueline Sundheim, deceased v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Sundheim* lawsuit"), a copy of which is attached hereto as **Exhibit 4**, and which is hereinafter referred to as the "*Sundheim* Complaint." On or about November 7, 2022, the *Sundheim* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6178.

14. On or about September 27, 2022, Straus Plaintiffs filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Peter Straus and Jonathan Straus, as Co-Administrators of the Estate of Stephen Straus v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Straus* lawsuit"), a copy of which is attached hereto as **Exhibit 5**, and which is hereinafter referred to as the "*Straus* Complaint." On or about November 7, 2022, the *Straus* lawsuit was removed

to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6181.

15.     On or about September 27, 2022, Sedano Plaintiff filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Lorena Rebollar Sedano v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Sedano* lawsuit"), a copy of which is attached hereto as **Exhibit 6**, and which is hereinafter referred to as the "*Sedano* Complaint."   On or about November 7, 2022, the *Sedano* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6183.

16.     On or about September 27, 2022, Rodriguez Plaintiffs filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Mirna Rodriguez, individually and as parent and next-friend of J.S., K.S., and O.S., and Oscar Sanchez, individually and as next-friend of J.S., K.S., and O.S. v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Rodriguez* lawsuit"), a copy of which is attached hereto as **Exhibit 7**, and which is hereinafter referred to as the "*Rodriguez* Complaint."   On or about November 7, 2022, the *Rodriguez* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6185.

17.     On or about September 27, 2022, Tenorio Plaintiffs filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Amelia Tenorio, individually and as parent and next-friend of C.M., and Antonio Melgar,*

*individually and as parent and next-friend of C.M. v. Smith & Wesson Brands, Inc., Smith &
Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc.,
Robert Crimo, Jr., and Robert Crimo, III* (the "*Tenorio* lawsuit"), a copy of which is attached
hereto as **Exhibit 8**, and which is hereinafter referred to as the "*Tenorio* Complaint." On or
about November 7, 2022, the *Tenorio* lawsuit was removed to the United States District Court
for the Northern District of Illinois, where it is currently pending under case number 22-cv-
6186.

18. On or about September 27, 2022, Vergara Plaintiffs filed a lawsuit arising from
the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled
*Sylvia Vergara, Lizet Montez, and Gabriella Vergara v. Smith & Wesson Brands, Inc., Smith &
Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc.,
Robert Crimo, Jr., and Robert Crimo, III* (the "*Vergara* lawsuit"), a copy of which is attached
hereto as **Exhibit 9**, and which is hereinafter referred to as the "*Vergara* Complaint." On or
about November 7, 2022, the *Vergara* suit was removed to the United States District Court
for the Northern District of Illinois, where it is currently pending under case number 22-cv-
6190.

19. On or about September 27, 2022, Toledo Plaintiffs filed a lawsuit arising from
the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled
*Ricardo Toledo, individually and as Special Administrator of the Estate of Nicolas Toledo,
deceased, Petra Toledo, Josefina Toledo, and Alejo Toledo v. Smith & Wesson Brands, Inc., Smith
& Wesson Sales Company, Smith & Wesson, Inc. Budsgunshop.com, LLC, Red Dot Arms, Inc.,
Robert Crimo, Jr., and Robert Crimo, III* (the "*Toledo* lawsuit"), a copy of which is attached
hereto as **Exhibit 10**, and which is hereinafter referred to as the "*Toledo* Complaint." On or

about November 7, 2022, the *Toledo* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6191.

20.     On or about September 27, 2022, Zeifert Plaintiffs filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Michael Zeifert, individually and as parent and next-friend of B.R.Z., B.M.Z, K.Z., and L.Z., and Christine Zeifert, individually and as next-friend of B.R.Z., B.M.Z., K.Z., and L.Z. v. Smith & Wesson Brands, Inc., Smith & Wesson Sales Company, Smith & Wesson, Inc., Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, Jr., and Robert Crimo, III* (the "*Zeifert* lawsuit"), a copy of which is attached hereto as **Exhibit 11**, and which is hereinafter referred to as the "*Zeifert* Complaint."   On or about November 7, 2022, the *Zeifert* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6193.

21.     On or about September 28, 2022, Turnipseed Plaintiff filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois entitled *Elizabeth Turnipseed v. Smith & Wesson Brands, Inc., American Outdoor Brands Corporation, Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, III, and Robert Crimo, Jr.* (the "*Turnipseed* lawsuit"), a copy of which is attached hereto as **Exhibit 12**, and which is hereinafter referred to as the "*Turnipseed* Complaint."   On or about November 14, 2022, the *Turnipseed* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6359.

22.     On or about October 12, 2022, 2022, Chupack Plaintiff filed a lawsuit arising from the Shooting in the Circuit Court for the 19th Judicial Circuit, Lake County, Illinois

Case: 1:23-cv-04731 Document #: 1 Filed: 07/21/23 Page 10 of 21 PageID #:10

entitled *Joshua Chupack, individually and as next friend of I.C. v. Smith & Wesson Brands, Inc., American Outdoor Brands Corporation, Budsgunshop.com, LLC, Red Dot Arms, Inc., Robert Crimo, III, and Robert Crimo, Jr.* (the "*Chupak* lawsuit"), a copy of which is attached hereto as **Exhibit 13**, and which is hereinafter referred to as the "*Chupak* Complaint."   On or about November 14, 2022, the *Chupack* lawsuit was removed to the United States District Court for the Northern District of Illinois, where it is currently pending under case number 22-cv-6361.

23.     The *Roberts*, *Bennett*, *Sundheim*, *Straus*, *Sedano*, *Rodriquez*, *Tenorio*, *Vergara*, *Toledo*, and *Zeifert* Complaints will hereinafter be collectively referred to where appropriate as the "Everytown Law Complaints."[3]

24.     The *Turnipseed* and *Chupack* Complaints will hereinafter be collectively referred to where appropriate as the "Brady Center Complaints."[4]

25.     The Everytown Law Complaints and the Brady Center Complaints will hereinafter be collectively referred to where appropriate as the "Underlying Complaints."

## The Everytown Law Complaints

26.     The Everytown Law Complaints allege that on July 4, 2022, Crimo, III "fired 83 rounds" of ammunition from a Smith & Wesson assault rifle into the Highland Park Fourth of July Parade, resulting the deaths of seven individuals, as well as "dozens" of injuries and metal trauma to "countless others."  See, Ex. 2, ¶ 3.

---

[3] The Everytown Law Complaints were filed by Everytown Law.
[4] The Brady Center Complaints were filed by the Brady Center to Prevent Gun Violence.

27.     The Everytown Law Complaints allege that Crimo, III's conduct "was deliberate and outrageous and was conducted with the intent to terrify, and to injure, maim, and kill people at the parade, including Plaintiffs." See, Ex. 2, ¶ 307.

28.     The Everytown Law Complaints allege that Crimo, Jr., knowing that Crimo, III was "unstable and wanted to kill people," sponsored Crimo, III's Illinois Firearm Owners Identification ("FOID") card, failed to warn law enforcement of "the danger posed by his son," and failed to "remove the firearms from" Crimo, III's possession. See, Ex. 2, ¶¶ 286-299.

29.     The Everytown Law Complaints allege that as a result of Crimo, Jr.'s and Crimo, III's conduct, plaintiffs "sustained and will sustain physical pain, mental suffering, loss of enjoyment of life, anxiety, and severe emotional distress." See, Ex. 2, ¶¶ 301, 308.

30.     The Everytown Law Complaints allege that as a result of Crimo, Jr.'s and Crimo, III's conduct, plaintiffs "incurred economic damages, including loss of future income, lost earning capacity, and past and future medical expenses and related expenses." See, Ex. 2, ¶¶ 302, 309.

31.     Based on these allegations, the *Roberts, Bennett, Rodriguez*, *Tenorio*, *Vergara*, and *Zeifert* Complaints contain claims against Crimo, Jr. and Crimo, III for: "Negligence" (Count VII – Crimo, Jr.); "Battery" (Count VIII – Crimo, III); "Assault" (Count IX – Crimo, III); and intentional and negligent infliction of emotional distress (Counts X and XI – All Defendants).

32.      Based on these allegations, the *Sundheim* and *Straus* Complaints contains claims against Crimo, Jr. and Crimo, III for: "Negligence – Survival Action" (Count XII – Crimo, Jr.); "Negligence – Wrongful Death Action" (Count XIII – Crimo, Jr.); "Battery – Survival

Action" (Count XIV – Crimo, III); and "Battery – Wrongful Death Action" (Count XV – Crimo, III).

33.     Based on these allegations, the *Sedano* Complaint contains claims against Crimo, Jr. and Crimo, III for: "Negligence" (Count VII – Crimo, Jr.); "Battery" (Count VIII – Crimo, III); and intentional and negligent infliction of emotional distress (Count IX – All Defendants).

34.     Based on these allegations, the *Toledo* Complaint contains claims against Crimo, Jr. and Crimo, III for: "Negligence – Survival Action" (Count XII – Crimo, Jr.); "Negligence – Wrongful Death Action" (Count XIII – Crimo, Jr.); "Negligence" (Count XIV – Crimo, Jr.); "Battery – Survival Action" (Count XV – Crimo, III); and "Battery – Wrongful Death Action" (Count XVI – Crimo, III); "Assault" (Count XVII – Crimo, III); and intentional and negligent infliction of emotional distress (Count XVIII – All Defendants).

### The Brady Center Complaints

35.     The Brady Center Complaints allege that on July 4, 2022, Crimo, III used a Smith & Wesson assault rifle "to unleash more than 80 rounds into the sea of families and children innocently watching the parade below" "leaving 7 people dead and 48 others lying injured with gunshot wounds."  See, Ex. 12, ¶ 3.

36.     The Brady Center Complaints allege that Crimo, III's "conduct was deliberate and outrageous and was conducted with the intent to cause injure [sic], maim and kill Plaintiff and everyone else attending the parade."  See, Ex. 12, ¶ 211.

37.     The Brady Center Complaints allege that Crimo, Jr., with "actual or constructive knowledge of [Crimo, III's] troubled history, violent fantasies and tendencies, mental health issues, attempted suicide, and desire to commit mass violence," "allowed

[Crimo, III] to store the semiautomatic assault Rifle, along with tactical gear and ammunition, in his residence and to freely access the Rifle whenever [Crimo, III] wanted to." See, Ex. 12, ¶¶ 146, 153.

38.     The Brady Center Complaints further allege that "Crimo, Jr. also failed to notify police that [Crimo, III] purchased and possessed the Rifle, even know they had recently responded to [Crimo, III's] suicide attempt and threat to commit mass violence." See, Ex. 12, ¶ 154.

39.     The Brady Center Complaints allege that as a result of Crimo, Jr's and Crimo, III's conduct, plaintiffs "were seriously injured and have suffered, and will continue to suffer, pain, anguish, emotional distress, and loss of enjoyment of life, and have incurred and will continue to incur substantial expenses for medical treatment, and other economic and/or noneconomic damages." See, Ex. 13, ¶¶ 213, 231.

40.     Based on these allegations, the Brady Center Complaints contain claims against Crimo, Jr. and Crimo, III for: "Assault and Battery" (Fourth Cause of Action – Crimo III); "Intentional Infliction of Emotional Distress" (Fifth Cause of Action – Crimo, III); "Negligence and Negligent Infliction of Emotional Distress" (Sixth Cause of Action – Crimo III); and "Negligence and Negligent Infliction of Emotional Distress" (Seventh Cause of Acton – Crimo, Jr.).

41.     Following the filing of the Underlying Cases, Travco agreed to provide Crimo, Jr. with a defense for those matters under a full and complete reservation of rights.

42.     Travco denied insurance coverage (defense and indemnity) to Crimo, III, because, among other reasons, no coverage under the Travco Policy is available for damages arising from the intentional conduct of an insured.

### Count I
### The Travco Policy Does Not Provide Coverage for Crimo, Jr. for the Claims Asserted in the Underlying Complaints

43.     The Policy Form contains a Liability Insurance Section that applies, in certain circumstances, subject to all of its terms, conditions, exclusions, and limitations, to claims for "bodily injury" or "property damage" as those terms are defined in the Travco Policy.

44.     The Underlying Complaints do not assert any claims for "property damage" as that term is defined in the Policy Form.

45.     Because the Underlying Complaints do not allege any claims for "property damage" as that term is defined in the Policy Form, the "property damage" provisions in the Travco Policy are inapplicable to the Underlying Cases.

46.     The Policy Form defines "bodily injury" as follows:

> **4.**     "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

47.     To the extent that the Underlying Complaints do not assert claims for "bodily injury" as that term is defined in the Policy Form, including, but not limited to, claims for mental anguish, no coverage is available to Crimo, Jr. for the Underlying Complaints under the Travco Policy.

48.     Based on the allegations in the Underlying Complaints, some claims have been asserted for "bodily injury" as that term is defined in the Policy Form.

49.     The Liability Section of the Policy Form contain an insuring agreement that states that the insurance applies only to "bodily injury" that is caused by an "occurrence."

50.     The Policy Form defines "occurrence" as

> **12.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in:

    **a.**    "Bodily injury"; or

    **b.**    "Property damage".

51.    To the extent that the claims asserted against Crimo, Jr. seek to recover for "bodily injury," the alleged damages at issue in the Underlying Complaints were not caused by an "occurrence" as that term is defined in the Policy Form, and therefore no coverage (defense or indemnity) is available to Crimo, Jr. for the Underlying Complaints under the Travco Policy.

52.    In addition, even if the alleged damages at issue in the Underlying Complaints were caused by an "occurrence," which Travco denies, all such damages were caused by a single "occurrence."

53.    The Liability Section of the Policy Form contains an "expected or intended injury" exclusion that contains the following language:

> Liability Coverages E and F to not apply to the following:
>
> \*    \*    \*
>
> **5.**    "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage" is:
>
>     **a.**    Of a different kind, quality or degree than initially expected or intended; or
>
>     **b.**    Sustained by a different person, entity, real or personal property, than initially expected or intended.
>
> This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.

54.     The Underlying Complaints allege that all of the alleged damages arose from the intentional conduct of "an insured," including, but not limited to, the intentional acts of Crimo, III.

55.     Accordingly, to the extent that the Underlying Complaints assert claims for "bodily injury" caused by an "occurrence" (which Travco denies), the "expected or intended injury" exclusion applies to bar coverage (defense and indemnity) for the Underlying Cases, and no coverage is available to Crimo, Jr. for the Underlying Complaints under the Travco Policy.

56.     Travco also relies on any other additional terms, conditions, exclusions, limitations, definitions, endorsements, schedules, and declarations not specifically identified herein contained in the Travco Policy that potentially limit or preclude insurance coverage, in whole or in part, for the Underlying Complaints.

57.     The Underlying Plaintiffs are named as necessary party defendants in this action only because of their status as the plaintiffs in the Underlying Complaints.

58.     An actual controversy exists between the parties hereto, making this case appropriate for disposition under 28 U.S.C. § 2201.

WHEREFORE, Plaintiff, Travco Insurance Company, prays that this Court enter a declaratory judgment in its favor and against Defendant Robert Crimo, Jr. and the Underlying Plaintiffs declaring, adjudging, and decreeing that:

      a.     That the Underlying Complaints do not allege claims for "property damage" as that term is defined in the Travco Policy;

b. That the Underlying Complaints do not allege claims for "bodily injury" caused by an "occurrence" as those terms are defined in the Travco Policy;

c. That even if the Underlying Complaints did allege claims for "bodily injury" caused by an "occurrence," which Travco denies, all such damages were caused by a single "occurrence."

d. That even if the Underlying Complaints did allege claims for "bodily injury" caused by an "occurrence," which Travco denies, the claims asserted against Crimo, Jr. in the Underlying Complaints fall within the scope of "expected or intended injury" exclusion contained in the Travco Policy;

e. That as a result, Travco has no duty to defend Crimo, Jr. under the Travco Policy for the Underlying Complaints;

f. That as a result, Travco has no duty to indemnify Crimo, Jr. under the Travco Policy for the Underlying Complaints; and

g. That Travco is entitled to such other and further relief as this Court deems appropriate.

**<u>Count II</u>**
**The Travco Policy Does Not Provide Coverage for Crimo, III for the Claims Asserted in the Underlying Complaints**

1-58.   Travco restates and re-alleges Paragraphs 1-58 of Count I as Paragraphs 1-58 of Count II, as if fully set forth herein.

59.     The Policy Form contains a Liability Insurance Section that applies, in certain circumstances, subject to all of its terms, conditions, exclusions, and limitations, to claims for "bodily injury" or "property damage" as those terms are defined in the Travco Policy.

60.     The Underlying Complaints do not assert any claims for "property damage" as that term is defined in the Policy Form.

61.     Because the Underlying Complaints do not allege any claims for "property damage" as that term is defined in the Policy Form, the "property damage" provisions in the Travco Policy are inapplicable to the Underlying Complaints.

62.     The Policy Form defines "bodily injury" as follows:

> **4.**     "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

63.     To the extent that the Underlying Complaints do not assert claims for "bodily injury" as that term is defined in the Policy Form, including, but not limited to, claims for mental anguish, no coverage is available to Crimo, III for the Underlying Complaints under the Travco Policy.

64.     Based on the allegations in the Underlying Complaints, some claims have been asserted for "bodily injury" as that term is defined in the Policy Form.

65.     The Liability Section of the Policy Form contain an insuring agreement that states that the insurance applies only to "bodily injury" that is caused by an "occurrence."

66.     The Policy Form defines "occurrence" as

> **12.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in:
>
> > **a.**     "Bodily injury"; or
> >
> > **b.**     "Property damage".

18

67.     Accordingly, to the extent that the claims asserted against Crimo, III seek to recover for "bodily injury," the alleged damages at issue in the Underlying Complaints were not caused by an "occurrence" as that term is defined in the Policy Form, and therefore no coverage (defense or indemnity) is available to Crimo, III for the Underlying Complaints under the Travco Policy.

68.     In addition, even if the alleged damages at issue in the Underlying Complaints were caused by an "occurrence," which Travco denies, all such damages were caused by a single "occurrence."

69.     The Liability Section of the Policy Form contains an "expected or intended injury" exclusion that contains the following language:

> Liability Coverages E and F to not apply to the following:
>
> *       *       *
>
> **5.**     "Bodily injury" or "property damage" which is expected or intended by an "insured" even if the resulting "bodily injury" or "property damage" is:
>
> **a.**     Of a different kind, quality or degree than initially expected or intended; or
>
> **b.**     Sustained by a different person, entity, real or personal property, than initially expected or intended.
>
> This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force by an "insured" to protect persons or property.

70.     The Underlying Complaints allege that all of the alleged damages arose from the intentional conduct of "an insured," including, but not limited to, the intentional acts of Crimo, III.

71.     Accordingly, to the extent that the Underlying Complaints assert claims for "bodily injury" caused by an "occurrence" (which Travco denies), the "expected or intended injury" exclusion applies to bar coverage (defense and indemnity) for the Underlying Cases, and no coverage is available to Crimo, III for the Underlying Complaints under the Travco Policy.

72.     Travco also relies on any other additional terms, conditions, exclusions, limitations, definitions, endorsements, schedules, and declarations not specifically identified herein contained in the Travco Policy that potentially limit or preclude insurance coverage, in whole or in part, for the Underlying Complaints.

73.     The Underlying Plaintiffs are named as necessary party defendants in this action only because of their status as the plaintiffs in the Underlying Complaints.

74.     An actual controversy exists between the parties hereto, making this case appropriate for disposition under 28 U.S.C. § 2201.

WHEREFORE, Plaintiff, Travco Insurance Company, prays that this Court enter a declaratory judgment in its favor and against Defendant Robert Crimo, III and the Underlying Plaintiffs, declaring, adjudging, and decreeing that:

        a.      That the Underlying Complaints do not allege claims for "property damage" as that term is defined in the Travco Policy;

        b.      That the Underlying Complaints do not allege claims for "bodily injury" caused by an "occurrence" as those terms are defined in the Travco Policy;

c.     That even if the Underlying Complaints did allege claims for
       "bodily injury" caused by an "occurrence," which Travco denies,
       all such damages were caused by a single "occurrence."

d.     That even if the Underlying Complaints did allege claims for
       "bodily injury" caused by an "occurrence," which Travco denies,
       the claims asserted against Crimo, III in the Underlying
       Complaints fall within the scope of "expected or intended
       injury" exclusion contained in the Travco Policy;

e.     That as a result, Travco has no duty to defend Crimo, III under
       the Travco Policy for the Underlying Complaints;

f.     That as a result, Travco has no duty to indemnify Crimo, III
       under the Travco Policy for the Underlying Complaints; and

g.     That Travco is entitled to such other and further relief as this
       Court deems appropriate.

Respectfully submitted,

*s/Charles W. Browning*
Charles W. Browning (ARDC #6316494)
Drew L. Block (ARDC #6288026)
PLUNKETT COONEY, P.C.
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(248) 901-4000
cbrowning@plunkettcooney.com
dblock@plunkettcooney.com

***Attorneys for Travco Insurance Company***

Dated: July 21, 2023

Open.06900.30301.31271859-1